# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Allen Findley, #00209599,<br><br>        Petitioner,<br>v.<br><br>Kevin Durham,<br><br>        Respondent. | Case No. 1:25-cv-12798-RMG<br><br>**ORDER** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), recommending the Court dismiss Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) without prejudice and without requiring Respondent to file a return. (Dkt. No. 9). Petitioner filed an objection to the R & R. (Dkt. No. 15). For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the Petition.

## I.     Background

Petitioner, a pretrial detainee at the Pickens County Detention Center proceeding pro se, seeks habeas corpus relief under 28 U.S.C. § 2241 to dismiss pending state charges of assault and battery of a high and aggravated nature. (Dkt. No. 1; Dkt. No 9 at 4). Petitioner asserts numerous alleged deficiencies in the state court indictment and proceedings. (Dkt. No. 1 at 5-7).

The Magistrate Judge recommended the dismissal of the petition without prejudice on the basis of *Younger v. Harris*, 401 U.S. 37 (1971), which prohibits federal courts from interfering with pending state criminal proceedings in the absence of extraordinary circumstances. The petitioner must show he has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Id*. at 43-44. Plaintiff filed objections asserting that he has raised various issues before the State court without success. (Dkt. No. 15).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow if "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III. Discussion

It is well settled that a federal court should not interfere with pending state court proceedings when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). The Magistrate Judge ably addressed these various factors and correctly concluded that the Petitioner's petition should be dismissed because of the pendency of ongoing

state criminal proceedings. Petitioner's states in his objections that his situation is extraordinary but fails to articulate any facts remotely satisfying this narrow standard.

Accordingly, the Court adopts the R & R as the order of the Court (Dkt. No. 9) and dismisses the Petition.

### IV.  Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of constitutional right.
>
> (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].") A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's grounds for relief are procedurally barred and that no exception applies. Therefore, a Certificate of Appealability is denied.

### V.  Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 9) is **ADOPTED** as the order of the Court, and Petitioner's Petition (Dkt. No. 1) is **DISMISSED WITHOUT**

**PREJUDICE** and without requiring Respondent to file a return.  A Certificate of Appealability is **DENIED**.

                                                          s/ Richard Mark Gergel
                                                         Richard Mark Gergel
                                                         United States District Judge

November 24, 2025
Charleston, South Carolina